Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>INNETRA PC, and<br>ELNA PAULETTE BELLE,<br><br>Defendants. | Case No. 5:25-cv-03933-NW<br><br>**DISH'S OBJECTION TO REPLY EVIDENCE**<br><br>Date:      September 17, 2025<br>Time:      9:00 a.m.<br>Courtroom:  3<br>Judge:     The Honorable Judge Noël Wise |

Plaintiff DISH Network L.L.C. ("DISH") respectfully submits the following Objections to Reply Evidence set forth in the declarations of Ani Martirosian ("Martirosian," Dkt. 31-1) and Elna Paulette Belle ("Belle," Dkt. 31-2) pursuant to Civil L.R. 7-3(d)(1).

## I.    Objections to Martirosian Declaration (Dkt. 31-1)

Objections to Martirosian Declaration Paragraphs 3 and 4: lack of personal knowledge and speculation under Fed. R. Evid. 602 and 701 and unfairly prejudicial and confusing under Fed. R. Evid. 403. These paragraphs are incomplete and intentionally misleading by stating the subpoenas seek production of documents by August 7, 2025, without stating that on August 8, 2025, the declarant requested and Plaintiffs' counsel agreed to provide a copy of any documents produced in response to the subpoenas. The desired inference that "[t]he return date on the third-party subpoenas were before the deadline for Dish's opposition and presumably Dish already had the benefit of those responses at the time filing the opposition" lacks personal knowledge and is speculation under Fed. R. Evid. 602 and 701 and is unfairly prejudicial and confusing under Fed. R. Evid. 403 because it assumes DISH received responses. *See In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1420 n.4 (9th Cir. 1994) (written statement excluded because author lacked personal knowledge of facts stated therein). DISH has not received responses.

Objections to Martirosian Declaration Paragraphs 5 and 6: unfairly prejudicial and confusing under Fed. R. Evid. 403. These paragraphs are incomplete and intentionally misleading by stating Defendants "timely served their responses [to Plaintiffs' First Set of Requests for Production] with accompanying documents" to support an inference that "Dish has already engaged in discovery including requests for production." (Dkt. 31 at 5:1-5; 17:11-12.) However, the declarant failed to state that Defendants only produced three documents, including two that Defendants used in support of their reply, or that Defendants improperly objected on the basis of confidentiality, despite the Protective Order (Dkt. 28). Defendants refused to produce their Lumen and NTT agreements, any communications with Lumen, NTT, or the Pirate Services, and the identity of their employees or contractors claiming these documents are confidential. (*See* Ex. A at 6, 8-9, 12-14, RFPs 1-2, 4-5, 10, 12.) Defendants also refused to produce documents identifying the volume of Innetra traffic that was delivered to the United States claiming it is irrelevant despite

Defendants' efforts to distinguish *Lang Van* on the basis that here "there is no evidence of substantial U.S. traffic." (*Id.* at 11, RFP 8; Dkt. 31 at 12:16-25.) These paragraphs and the desired inference are unfairly prejudicial and confusing under Fed. R. Evid. 403 because they assume Defendants produced the documents, but Defendants did not. *See Yujin Robot Co., v. Synet Elecs., Inc.*, No. CV 14-06237 SJO (ASx), 2015 WL 13831707, at *1 (C.D. Cal. Oct. 16, 2015) (excluding any evidence defendant's counsel did not provide for the court and plaintiff's counsel's review before presentation to the jury under Fed. R. Evid. 403).

<u>Objections to Martirosian Declaration Paragraph 11 and Exhibit 2</u>: irrelevant under Fed. R. Evid. 402 and unfairly prejudicial and confusing under Fed. R. Evid. 403. Paragraph 11 states "Exhibit 2 shows that Innetra peers with fifty-four (54) AS's and ten (10) upstream AS's to deliver the data packets across the internet and send data packets globally." First, Belle should have been able to provide a complete list of the peers and upstreams at the relevant time of the infringement, but instead Defendants provided this current printout with counsel's declaration. Second, this is irrelevant because it shows Innetra's current peers and upstreams after DISH filed this case. *See Oliver v. City & Cnty. of San Francisco*, No. C 07-2460 JL, 2009 WL 10736500, at *1 (N.D. Cal. Apr. 3, 2009) (excluding evidence and argument about an officer's current assignment as irrelevant under Fed. R. Evid. 402 and prejudicial under Fed. R. Evid. 403).

<u>Objections to Martirosian Declaration Paragraph 12 and Exhibit 3</u>: irrelevant under Fed. R. Evid. 402 and unfairly prejudicial and confusing under Fed. R. Evid. 403. Paragraph 12 states "Exhibit 3 is a true and correct printout from bgp.tools showing that IP address 181.233.124.0/24 originates from AS58349 (Innetra) and also shows dozens of accompanying upstreams and peering ASN's. First, Belle should have been able to provide a complete list of the peers and upstreams at the relevant time of the infringement, but instead Defendants provided this current printout with counsel's declaration. Second, Innetra's current peers and upstreams for this IP address is irrelevant under Fed. R. Evid. 402 and unfairly prejudicial and confusing under Fed. R. Evid. 403 because DISH provided sworn testimony that on April 3, 2025, prior to the filing of this case, Innetra's IP transmitting DISH's works peered with twelve (12) AS's and three (3) upstream AS's. (Dkt. 29-1 at 4 ¶ 10.) *See Oliver*, 2009 WL 10736500, at *1.

1    Objections to Martirosian Declaration Paragraph 13 and Exhibit 4: irrelevant under Fed. R.

2    Evid. 402; unfairly prejudicial and confusing under Fed. R. Evid. 403; and improper opinion

3    testimony by a lay witness under Fed. R Evid. 701. Paragraph 13 states "[a]ttached as Exhibit 4 is

4    a true and correct printout from optimum.com where on page 2 it provides a chart identifying that

5    a latency of 100ms-200ms characterized as 'Performance: Poor-Noticeable lag, especially in

6    gaming and video calls. Best for: Basic email, messaging, web browsing.'" First, this is irrelevant

7    under Fed. R. Evid. 402 and unfairly prejudicial and confusing under Fed. R. Evid. 403 because

8    Innetra's alleged transmission speed did not impact DISH's ability to view the infringed works in

9    the U.S. and when asked by a prospective customer whether Innetra's services were suitable for

10    streaming television content in the U.S., Innetra responded "Yes, we have a lot of fully satisfied

11    customers that do IPTV business in the US." (Dkt. 29-1 ¶¶ 5, 8; Dkt. 1 at 4 ¶ 11.) Second, this is

12    improper opinion testimony by a lay witness under Fed. R Evid. 701 because similar articles say

13    latency between 200ms and 500ms is generally acceptable for video streaming.[1] *See In re Related*

14    *Asbestos Cases*, 543 F. Supp. 1142, 1150 (N.D. Cal. 1982) (allowing a foundational witness to

15    testify about the articles he located, but the articles would not be admitted into evidence without

16    testimony from an expert witness on the content, whether the source was well-known or obscure,

17    and how they were received by the medical community).

18    Objections to Martirosian Declaration Paragraph 14 and Exhibit 5: irrelevant under Fed. R.

19    Evid. 402 and unfairly prejudicial and confusing under Fed. R. Evid. 403. Paragraph 14 states

20    Exhibit 5 is an article published by the European Parliament stating "the dollar has been the

21    dominant global currency and the anchor of the international monetary system for over 80 years"

22    and "[t]he US dollar as the dominant global currency fulfills three basic function: international unit

23    of account; medium of exchange and store value." This is irrelevant under Fed. R. Evid. 402 and

24    unfairly prejudicial and confusing under Fed. R. Evid. 403 because Defendants do not say why

25    Innetra provides quotes in U.S. dollars.

26    

---

[1]    *See What is Low Latency? And Why is Latency Important?* (PubNub Apr. 2024),
27    https://www.pubnub.com/guides/whats-so-important-about-low-latency/ ("For on-demand streaming (e.g., Netflix, YouTube), moderate latency of 200–500 ms is acceptable, as buffering smooths initial delays. Higher latency does not
28    heavily impact experience due to lack of real-time needs."); Andril Kernitskyi, *What is Good Latency in Networking?* (Aug. 2024), https://obkio.com/blog/what-is-good-latency/ (latency under 200ms is generally acceptable for video streaming).

1

## II.    Objections to Belle Declaration (Dkt. 31-2)

2       <u>Objections to Belle Declaration Paragraph 5 and Exhibit 1</u>: irrelevant under Fed. R. Evid.

3    402; unfairly prejudicial and confusing under Fed. R. Evid. 403; and improper opinion testimony

4    by a lay witness under Fed. R Evid. 701. Paragraph 5 states "[a]ttached as Exhibit 1 is a true and

5    correct screenshot from ping.pe showing AS58349 delivery times of data packets to the United

6    States. The chart shows that the time to transmit data packets to the United States would range from

7    107.39ms to Buffalo, New York and 152.87 ms to Los Angeles California." First, this is irrelevant

8    under Fed. R. Evid. 402 and unfairly prejudicial and confusing under Fed. R. Evid. 403 because (1)

9    it fails to use an IP address identified in the complaint; (2) fails to identify a date and time of the

10   infringement prior to the filing of this case (*see supra* Obj. to Martirosian Decl. ¶ 11 and Ex. 2); (3)

11   the transmission speed did not impact DISH's ability to view the infringed works in the U.S.; and

12   (4) when asked by a prospective customer whether Innetra's services were suitable for streaming

13   television content in the U.S., Innetra responded "Yes, we have a lot of fully satisfied customers

14   that do IPTV business in the US." (Dkt. 1-3; Dkt. 29-1 ¶¶ 5, 8; Dkt. 1 at 4, ¶ 11.) Second, this is

15   improper opinion testimony by a lay witness under Fed. R Evid. 701 because similar articles say

16   latency under between 200ms and 500ms is generally acceptable for video streaming.[2] *See In re*

17   *Related Asbestos Cases*, 543 F. Supp. at 1150.

18      <u>Objections to Belle Declaration Paragraph 6</u>: lack of personal knowledge and speculation

19   under Fed. R. Evid. 602 and 701 and unfairly prejudicial and confusing under Fed. R. Evid. 403.

20   Paragraph 6 states "Innetra has confirmed that only one Service User of Innetra was responsible for

21   the transmittal of the alleged infringing material." This statement should be disregarded because it

22   lacks foundation or personal knowledge and is speculation under Fed. R. Evid. 602 and 701 and is

23   unfairly prejudicial and confusing under Fed. R. Evid. 403 because Dkt. 1-3 identifies 32 unique

24   Innetra IP addresses that were used to transmit DISH's copyrighted works, DISH requested all

25   communications with the Pirate Services that used these IP addresses, and Defendants refused to

26   produce any of these communications claiming they are confidential. (*See* Ex. A at 12, RFP 10).

27      <u>Objections to Belle Declaration Paragraph 7 and Exhibit 2</u>: irrelevant under Fed. R. Evid.

28

---

[2] *See supra* n.2.

402; unfairly prejudicial and confusing under Fed. R. Evid. 403; lack of personal knowledge and is speculation under Fed. R. Evid. 602. Paragraph 7 states "Attached as Exhibit 2 is a true and correct screenshot with redactions of Innetra's one and only United States customer." This is irrelevant under Fed. R. Evid. 402, unfairly prejudicial and confusing under Fed. R. Evid. 403, and a lack of personal knowledge and is speculation under Fed. R. Evid. 602 because (1) Exhibit 2 shows that Defendants allow their customers to enter false names and addresses making it impossible for Defendants to know the locations of their customers based on the information they provided; and (2) the relevant inquiry is Innetra's customers, wherever located, that are serving a U.S. audience. (*See* Dkt. 31-2 at 8.) It is also unlikely that Defendants' customers located in the U.S. that intend to infringe copyrights in the U.S. would voluntarily provide their true names and addresses; and Innetra apparently does not verify the information supplied by their Pirate Service customers.

Objections to Belle Declaration Paragraph 11: irrelevant under Fed. R. Evid. 402; unfairly prejudicial and confusing under Fed. R. Evid. 403; and requirement of the original document under Fed. R. Evid. 1002. Paragraph 11 states an improper new argument that "Innetra contracts with NTT Germany AG & Co. KG a German company and Lumen Technologies a Netherlands company for IP transit services not because they are "well positioned" to direct traffic to the United States but to deliver traffic globally." This statement should be disregarded under Fed. R. Evid. 1002 because Defendants failed to produce their alleged contracts with the NTT and Lumen Technologies companies. *See In re Juarez*, No. BR 16-40560-JDP, 2017 WL 1169529, at *3 (Bankr. D. Idaho Mar. 28, 2017) ("[T]he best evidence rule prevents Ms. Schellig from establishing those facts by testimony without the supporting documentation."). Defendants' allegation of contracting with foreign entities is also irrelevant under Fed. R. Evid. 402 and unfairly prejudicial and confusing under Fed. R. Evid. 403 because, regardless of who Defendants contracted with, Defendants do not dispute delivering their customer's traffic to the U.S. using these entities' servers and network in the U.S. and there is no requirement that Defendants target the U.S exclusively (delivering traffic globally includes the U.S.).

The Court should sustain DISH's Objections to Reply Evidence and strike these paragraphs and exhibits from the declarations of Ani Martirosian and Elna Paulette Belle (Dkts. 31-1, 31-2).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted

Dated: September 3, 2025

/s/ Stephen M. Ferguson
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

*Attorneys for Plaintiff DISH Network L.L.C.*