UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>    Plaintiff,<br><br>v.<br><br>INNETRA PC, et al.,<br><br>    Defendants. | Case No. 25-cv-03933-NW<br><br>**ORDER GRANTING LIMITED JURISDICTIONAL DISCOVERY**<br><br>Re: ECF No. 17 |

On May 6, 2025, Plaintiff DISH Network L.L.C., ("DISH") filed a complaint alleging claims for copyright infringement under 17 U.S.C. § 501 against Defendants Innetra PC ("Innetra"), and Elna Paulette Belle (collectively "Defendants"). Compl., ECF No. 1.

Defendants moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). Mot. to Dismiss, ECF No. 17 ("Mot."). Plaintiff opposed, and Defendants filed a reply. Opp'n, ECF No. 30 ("Opp'n"); Reply, ECF No. 31 ("Reply"). The Court found this matter suitable for resolution without oral argument and vacated the hearing set for September 17, 2025. Civil L.R. 7-1(b); ECF No. 33.

Having reviewed the parties' briefs, the Court defers ruling on Defendants' motion, and GRANTS Plaintiff sixty days of jurisdictional discovery from the date of this Order.

Following the close of jurisdictional discovery, by Friday, December 5, 2025, Plaintiff must file a supplemental brief as to whether the Court has personal jurisdiction over Defendants. By Friday, December 19, 2025, Defendants may respond with a supplemental brief. Neither party's brief may exceed 10 pages. Following the briefing, the Court will determine whether an evidentiary hearing is necessary.

## DISCUSSION

DISH is a limited liability company organized under Colorado law, with its principal place of business in Englewood, Colorado. Compl. ¶ 6. DISH "is one of the largest pay-tv providers in the United States and has millions of subscribers nationwide." *Id.* ¶ 1.

Defendant Innetra is a Limited Partnership organized and existing under the laws of the United Kingdom with a principal place of business in Caerphilly, Wales. Mot. at 6. Defendant Belle is the General Partner of Innetra. *Id.* She is a citizen and resident of the Seychelles. *Id.* Innetra "provides IP infrastructure services including protected VPS, dedicated servers, IP Transit, Distributed Denial of Service (DDoS) mitigation, [and] Secure Sockets Layer Certificates," and offers "solutions to its customers for storage hosting, media streaming hosting and iGaming hosting." *Id.* DISH alleges that Innetra, along with Belle's management, "materially contributed to and induced" piracy of DISH's copyrighted works "by providing the servers and network infrastructure that" were used in the piracy schemes. Compl. ¶ 2-3.

Jurisdiction over Defendants, as foreign defendants, is governed by Federal Rule of Civil Procedure 4(k)(2). Three requirements must be met in order to establish personal jurisdiction over foreign defendants who are not domiciled in any state under Rule 4(k)(2): (1) the claim against the defendant must arise under federal law; (2) the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction must comport with due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006). The first two factors are uncontested. Mot. at 9; Opp'n at 6. The only remaining question for this Court to consider is whether the Court's exercise of personal jurisdiction over the Defendants would comport with due process. Plaintiff appears to concede that there is no general jurisdiction over Defendants; only specific jurisdiction is at issue. Opp'n at 5.

Specific jurisdiction exists over Defendants if (1) they performed some act by which they purposefully directed their activities toward the United States or purposefully availed themselves of the privilege of conducting business in the United States, (2) Plaintiffs' federal copyright claims arise out of or result from Defendants' United States-related activities, and (3) the exercise of

jurisdiction is reasonable. *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) (for foreign defendants, "rather than considering contacts between [the defendant] and the forum state, we consider contacts with the nation as a whole"). "The plaintiff bears the burden on the first two prongs, but once both are established, the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Plaintiff alleges that the Court has specific personal jurisdiction over Defendants because Defendants "expressly aimed" their intentional acts at the United States. *See Ayla*, 11 F.4th at 980. Plaintiff alleges that Defendants entered into "peering and interconnection arrangements—mutual arrangements between networks to directly exchange traffic between their respective users—with Lumen and NTT, using their servers and network infrastructure in the United States." Opp'n at 8. Plaintiff additionally argues that Innetra has tailored its website for U.S. users by "quoting prices in U.S. dollars, displayed "+1" (United States) prominently in its phone-number dropdown, accepted U.S. payment methods, and provided a U.S.-specific link to the Network Advertising Initiative (NAI)." *Id*. at 9. In a supporting declaration, Plaintiff provides only two examples of where Inntra "connected and exchanged network traffic with" addresses in the United States. Decl. of Gregory Duval, ¶ 11, ECF No. 29-1. Plaintiff does not indicate that these were two examples among many. These contentions alone are not enough to establish specific personal jurisdiction.

Moreover, Plaintiff's contentions are starkly disputed by Defendants' declaration filed in support of their motion to dismiss. Decl. of Elna Paulette Belle, ECF No. 17-16. Defendants explain that "[a]ll of Innetra's dedicated servers are located in Amsterdam, Netherlands, Innetra does not have or provide any dedicated servers in the United States" and Innetra contracts with Lumen and NTT, but those are companies formed under the laws of the Netherlands and Germany, respectively. Defendants contend that Innetra "does not contract with any companies located in the United States for its global IP transit services or otherwise for any of the Services provided by Innetra." *Id*. ¶ 3. Most important, Defendants state that "Innetra since its inception has had only one United States user that signed up for its Services specifically the dedicated server

3

service on March 30, 2025 and the account was maintained only for two months. This Service User's account was terminated sometime around June 5, 2025." *Id.* ¶ 5.

Here, the Court finds that Plaintiff, without more, has failed to meet its burden on at least the first prong. The record is disputed whether Defendants purposefully availed itself of the United States.

Plaintiff's opposition to Defendants' motion to dismiss requests leave to conduct "narrowly tailored" jurisdictional discovery. Opp'n at 16. The Court exercises its discretion and orders limited jurisdictional discovery. *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 (9th Cir. 1977) (jurisdictional discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.") (citation omitted). The record is insufficient to resolve the question of personal jurisdiction, and "further discovery . . . might well demonstrate facts sufficient to constitute a basis for jurisdiction." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003).

Jurisdictional discovery is not an opportunity to conduct discovery about the underlying disputes. The parties may only conduct discovery relevant to the question of specific personal jurisdiction, including, facts relevant to whether Defendants purposefully availed themselves of the United States (e.g., the number of, and income from, United States consumers, and United States business partnerships). The parties are directed to promptly meet and confer regarding procedures for jurisdictional discovery. Should the parties have a dispute about jurisdictional discovery that they cannot resolve through a good faith meet and confer process, they are directed to immediately raise those disputes with the assigned Magistrate Judge.

**IT IS SO ORDERED.**

Dated: September 18, 2025

Noël Wise
United States District Judge